UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NORBIEL IZQUIERDO § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-378 |
| § | |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff is a federal prisoner currently confined at the McRae Correctional Facility in McRae, Georgia. Proceeding *pro se* and *in forma pauperis*, he filed this civil rights action challenging as unconstitutional the Government's seizure and forfeiture of $2,970.00 in U.S. currency that was taken from plaintiff at the time of his arrest. (D.E. 1).

Pending is the Government's motion for summary judgment to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (D.E. 10). Plaintiff has filed a response in opposition. (D.E. 12).

For the reasons stated herein, it is respectfully recommended that the Court grant the Government's motion for summary judgment and dismiss with prejudice plaintiff's claims against the United States.

**I. Jurisdiction.**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II. Procedural background.

On December 10, 2011, plaintiff filed his original complaint against the United States of America (the "Government") seeking a refund of money that was seized from him by government agents on March 10, 2011, following plaintiff's arrest at the U.S. Border Patrol Checkpoint in Falfurrias, Texas. (D.E. 1 at 4). Plaintiff claims that the money is "not the proceeds of any drug dealing," but instead, was payment to him from a third party. Id.

On March 14, 2013, the Government filed the instant motion for summary judgment to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (D.E. 10).

On April 5, 2013, plaintiff filed a response in opposition. (D.E. 12).

## III. Summary judgment evidence.

In support of its motion for summary judgment (D.E. 10), the Government offers the declaration of Celia Grau, a Fines, Penalties and Forfeiture Officer ("FP & F Officer") for U.S. Customs and Border Protection ("CBP") in Houston, Texas. (D.E. 10 at 11-14). The following evidence is attached as exhibits to Ms. Grau's declaration:

> Ex. 1: Certified Mail dated March 15, 2011, from CBP to plaintiff regarding the seizure of $2,970.00 in U.S. Currency (D.E. 1 at 15-22);
>
> Ex. 2: Certified Mail dated April 18, 2011 from CBP to plaintiff entitled "Notice of Seizure and Intention to Forfeit" (D.E. 10 at 23-25);
>
> Ex. 3: Letter dated May 5, 2011, from David Cano, Attorney at Law, to CBP, stating that plaintiff has an interest in the seized monies (D.E. 10 at 26-27);

Ex. 4: "Memorandum" Fax dated June 3, 2011 from David Cano advising CBP that plaintiff is making a claim to the seized monies and that Cano has a power of attorney to represent plaintiff (D.E. 10 at 28-33);

Ex. 5: Certified Mail dated July 8, 2011, from FP & F Officer Celia Grau to David Cano notifying Cano that the June 3, 2011 letter is construed as a petition for relief (D.E. 10 at 34-37); and

Ex. 6: Certified Mail dated August 22, 2011 from FP & F Officer Grau to David Cano of intent to forfeit, and Certificate of Forfeiture dated October 14, 2011 (D.E. 10 at 38-41).[1]

The summary judgment evidence establishes the following:

### A.  Plaintiff's arrest and seizure of currency.

On March 10, 2011, plaintiff was stopped at the U.S. Border Patrol checkpoint south of Falfurrias, Texas, for an immigration inspection.[2]  A service canine alerted to plaintiff's tractor-tractor, and thereafter, a search of the tractor yielded 34 bundles of marijuana with an approximate net weight of 45.6 kilograms.  The marijuana was concealed in the headliner of the tractor.  Plaintiff was arrested and agents with the Department of Homeland Security seized and took custody of $2,970.00 in United States currency which was in plaintiff's possession at the time of his arrest.

In a two-count indictment filed April 6, 2011, plaintiff, along with another defendant, was charged with conspiracy to possess and possession with intent to distribute 45.6 kilograms of marijuana in United States v. Norbiel Izquierdo, et al., Criminal Case No. 2:11-cr-344.  (See Case No. 2:11-cr-344 at D.E. 14).

---

[1] The Government's summary judgment motion (D.E. 10), is referred to herein as DSJ followed by an exhibit letter or number and page citation if appropriate.

[2] The background facts are taken from plaintiff's criminal action, Case No. 2:11-cr-344.

Plaintiff pled not guilty, and on July 7, 2011, the jury found plaintiff guilty on both counts. (Case No. 2:11-cr-344 at D.E. 45). On September 15, 2011, this Court sentenced plaintiff to two concurrent sentences of 51 months in the Bureau of Prisons ("BOP"), followed by a three year supervised release term. Id. at D.E. 59.

### B.     Disposition of currency and notification procedures.

By certified mail dated March 15, 2011, FP & P Officer Grau sent to plaintiff at his last known address in Lehigh Acres, Florida, official notification that the CBP had seized the $2,970.00 in U.S. currency and that the property was subject to forfeiture. (DSJ Ex. 1 at 16-21). The letter informed plaintiff of the options available to him concerning the seized property. Id. at 16-18. The return receipt requested ("RRR") card reflects that it is signed by "Norbiel." Id. at 19.

By certified mail dated April 18, 2011, FP & P Officer Frau sent to plaintiff at his Florida address a "Notice of Seizure and Intention to Forfeit." (DSJ Ex. 2 at 24-25). The notice informed plaintiff that, should he desire to file a claim to the $2,970.00, he must do so "no later than 30 days from the last date of posting, on or about May 11, 2011." Id. at 24. The notice further advised that if no claim was filed by the deadline, the property would be declared forfeited on June 11, 2011, and disposed of in accordance with law. Id. The RRR card was returned to the CBP, but no date of delivery is indicated. Id. at 25.

By letter dated May 5, 2011, plaintiff's criminal defense lawyer, David Cano, informed Officer Grau and the CBP that plaintiff was asserting an interest in the $2,970.00. (DSJ Ex. 3 at 27).

On June 3, 2011, Mr. Cano faxed to the CBP a "Memorandum" which set forth plaintiff's interest in the seized monies and included a Power of Attorney ("POA") authorizing Mr. Cano to conduct business on plaintiff's behalf.  (DSJ Ex. 4 at 29-33).  In addition, the Memorandum included a photocopy of a check dated March 10, 2011, payable to plaintiff, with the Payor identified as International Travel & Currency, Inc., Aldana Travel Agency of Brownsville, Texas.[3]  Id. at 33.

By certified mail dated July 8, 2011, Officer Grau advised Mr. Cano that his fax transmittal Memorandum dated June 3, 2011 would be construed as a petition for relief on behalf of plaintiff stating a claim to the $2,970.00.  (DSJ Ex. 5, D.E. 10 at 35-37).  However, upon review of the petition, it was denied.  Id. at 36.  CBP Officer Grau noted:

> Your [Cano] Memorandum states that "This payment was for a legitimate load which can easily be verified" and includes a copy of a check from International Travel & Currency, Inc., Aldana Travel Agency, addressed to Norbiel Izquierdo and dated March 10, 2011, in the amount of $4,200.00.
>
> After reviewing the merits of your Memorandum, it is our decision to deny the petition for relief.  Mr. Izquierdo acknowledged ownership of the tractor trailer and the responsible party for its contents and operation, i.e., the transportation of illegal narcotics.  In this regard, you have failed to submit any documentation showing that the money being petitioned was derived from legitimate means.

(DSJ Ex. 5 at 36).  Officer Grau further advised Mr. Cano that he had the right to file a supplemental petition if he had additional facts or circumstances related to the case, but that if no action was taken within the specific time frame, the Government would initiate

---

[3] Plaintiff also offers a copy of this same check with his original complaint.  (D.E. 1 at 6).

forfeiture proceedings.  Id.  The RRR card reflects that Mr. Cano's office received the CBP's denial of plaintiff's claim to the monies on July 14, 2011.  Id. at 37.

By certified mail dated August 22, 2011, Officer Grau sent to Mr. Cano a Notice of Seizure and Intention to Forfeit.  (DSJ Ex. 6 at 39-42).  The Notice provided: "Any person desiring to claim any of the [$2,970.00 in U.S. Currency] must file the claim to such property no later than 30 days from the last date of posting, September 13, 2011. Otherwise, the property will be declared forfeited on October 13, 2011 and disposed of in accordance with law."  Id. at 39.  The Notice was also posted at the Houston Service Port.  (DSJ Ex. A, Grau Dec. at ¶ 4i).  The RRR card reflects that Mr. Cano received and signed for the Notice on September 14, 2011.  (DSJ Ex. 6 at 40).

Neither plaintiff nor Mr. Cano as his POA filed a claim to the $2,970.00 by the October 13, 2011 deadline.  (DSJ Ex. A, Grau. Dec. at ¶ 4k).

On October 14, 2011, the CBP issued a Certificate of Forfeiture certifying that the $2,970.00 was administratively forfeited to the United States at the close of business on October 13, 2011.  (DSJ Ex. 6 at 41).

**IV.   Summary judgment standard.**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The substantive law identifies which facts are material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case."  Rivera, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").  It is well established that "[t]he moving party need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case." Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1992).

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party.  Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).  Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial.  Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1024 (5th Cir.

1995).  In considering a motion for summary judgment, the court cannot make credibility determinations, weigh the evidence, or draw inferences for the movant.  Anderson, 477 U.S. at 255.  The court must draw all justifiable inferences from the summary-judgment evidence in the light most favorable to the nonmovant.  Id.

**V.     Discussion.**

   **A.     No federal constitutional violation.**

Plaintiff filed his original complaint on a preprinted form titled "Complaint Under 42 U.S.C. § 1983, Civil Rights Act."  He claims that the forfeiture of the $2,970.00 was not warranted because "the funds is [sic] not illegal proceeds money."  (D.E. 1 at 3).  He argues that the copy of the $4,200.00 check from the Travel Agency is evidence that the funds were not proceeds of drug dealing, and he seeks only a refund of the money.  Id. at 4.

Plaintiff does not allege in his complaint that any government employee or other federal actor violated his constitutional rights, and therefore, he does not appear to be alleging a constitutional claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[4]

In his original complaint, plaintiff did not contend that he did not receive notice of the forfeiture proceedings; however, in his summary judgment response, plaintiff states that "... at no time did he ever receive such notice plaintiff was relying on counsel's representation."  (D.E. 12 at 2).  It is unclear whether plaintiff is stating that he: (1) did

---

[4] A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983."

not receive notice that Mr. Cano would be representing him in the forfeiture; or (2) acknowledging that he did not receive notice from the CBP directly because he was relying on Cano to represent his interests. Regardless, the evidence is uncontroverted that on May 20, 2011, plaintiff signed the POA appointing Cano "as my agent to act for me in any lawful way with respect to all of the following ... claims and litigation." (DSJ Ex. 4 at 31). As such, it was reasonable for the CBP to send all notices concerning the seizure of forfeiture of the funds to Mr. Cano. United States v. Gill, 657 F.2d 712, 714 (5th Cir. 1981) (government can rely on power of attorney to effect notice in forfeiture proceedings). Plaintiff does not contest that proper and timely notice was repeatedly provided to Mr. Cano concerning plaintiff's rights and the proposed disposition of the monies. Indeed, the CBP construed Mr. Cano's June 3, 2011 Memorandum with the attached check as a petition for relief and a claim to the seized monies. (DSJ Ex. A, Grau Dec. at ¶ 4g). However, the CBP determined that the offered check was insufficient evidence that the monies seized at the time of plaintiff's arrest were not illegal proceeds. (DSJ Ex. 5 at 36). That is, plaintiff, through his attorney, received notice of the forfeiture and made a claim to the seized monies, but his claim was denied. The summary judgment evidence establishes that the CBP satisfied all notice procedures required by federal law. See 19 U.S.C. § 1607 and 19 C.F.R. § 162.45. The fact that Mr. Cano did not file supplemental evidence or pursue plaintiff's claim does not equate with the CBP not providing adequate notice of the forfeiture. [5]

---

[5] In his summary judgment response, plaintiff states that his "counsel was ineffective." (D.E. 12 at 2). Such an allegation does not state a cognizable Bivens claim as Mr. Cano, as

### B. Post-administrative forfeiture review.

After the administrative forfeiture proceedings have been completed, a federal court may review only whether the forfeiture action comported with due process. Bailey v. United States, 508 F.3d 736, 738-39 (5th Cir. 2007). "Due process requires that a party with an interest in forfeited funds be sent notice that is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the [forfeiture] action and will afford them an opportunity to present their objection." Id., citing United States v. Robinson, 434 F.3d 357, 362 (5th Cir. 2005).

In this case, actual notice of the CBP's administrative forfeiture action was sent to and received by plaintiff's attorney, Mr. Cano. (See DSJ Ex. 3, Ex. 6). In his original complaint, plaintiff did not challenge the sufficiency of the notice. Rather, in his "statement of claim" plaintiff reported:

> Upon my arrest the amount of $2,970 U.S. Dollars was taken away from me by the arresting officers. I have informed my then attorney about the matter. He told me that he would retrieve it. Since then I have not yet receive[d] my money.

(D.E. 1 at 4). The CBP's written notice of the administrative forfeiture action was sent to and received by Mr. Cano who had a POA to act for and on behalf of plaintiff. The written notice was reasonably calculated to provide plaintiff with notice of the administrative forfeiture action, and as such, there was no due process violation.

---

either a retained or appointed lawyer, is not a federal actor. Polk County v. Dodson, 454 U.S. 312, 324-25 (1981) (holding that private attorneys and appointed attorneys do not qualify as state/federal actors when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). The fact that Mr. Cano is not a federal actor is of no import as to any potential liability for malpractice under state tort law. Polk, 454 U.S. at 325.

Through this action, plaintiff is attempting to litigate the forfeiture of the $2,970.00 after the administrative proceedings have been completed and the CBP has issued its Certificate of Forfeiture. (See D.E. 10 at 41). However, since the administrative forfeiture has been completed, the Court lacks jurisdiction to consider plaintiff's assertion that the money was not connected with drug dealing activities. See United States v. Schinnell, 80 F.3d 1064, 1069 (5th Cir. 1996) (denying defendant's contention that funds were not forfeitable as proceeds and ruling that forfeited funds were deemed traceable to fraud proceeds where defendant failed to contest the forfeiture); Barrera-Montenegro v. United States, 74 F.3d 657, 658-60 (5th Cir. 1996); Carballo v. United States, 62 Fed. Appx. 362, 363-64 (1st Cir. Apr. 8, 2003)(unpublished) (once administrative forfeiture is complete, district court lacks authority to consider whether the seized funds are linked to any drug activity); United States v. Daniel, 2010 WL 5140853, * 3 (E.D. La., Dec. 10, 2010) (unpublished) ("in this case, the government provided a declaration of forfeiture evidencing that the property [the defendant] seeks to reclaim has already been forfeited. Consequently, the Court lack's jurisdiction to consider [the defendant's] arguments that the money was seized during an illegal traffic stop, was not proceeds of drug transactions, and was not otherwise illegally obtained by him or subject to forfeiture. ... Filing a claim would have forced the government to initiate judicial forfeiture proceedings in which [the defendant] could have asserted the claims he tries to raise now. Because [the defendant] did not file a timely claim of ownership, the Court is limited to deciding whether the forfeiture of funds met the relevant procedural requirements and comported with due process.").

## VI.     Conclusion.

Through this action, plaintiff is attempting to claim property that was administratively forfeited to the Government at the close of business on October 13, 2011. (DSJ Ex. 6 at 41). As discussed above, this Court is without jurisdiction to consider his claims that the seized monies were not related to drug activities, and the summary judgment evidence clearly refutes any allegation that plaintiff did not receive notice of the forfeiture action. Accordingly, it is respectfully recommended that the Court grant the Government's motion for summary judgment to dismiss plaintiff's action for failure to state a claim upon which relief can be granted (D.E. 10), and that plaintiff's claims be dismissed with prejudice.

Respectfully submitted this 27th day of June, 2013.

*[signature]*
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).